Michael A. DiNardo, Esq. 216991
Email: mdinardo@yklaw.us
Aaron T. Borrowman, Esq. 201920
Email: aborrowman@yklaw.us
YK LAW, LLP
445 S. Figueroa St. Suite 2280
Los Angeles, CA  90071
Phone: 213-401-0970

Attorneys for Plaintiff
BWB CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BWB CO., LTD, a Japan limited liability company<br><br>        Plaintiff,<br><br>vs.<br><br>ALIBABA GROUP HOLDING LIMITED, et. al.<br><br>        Defendants. | **CASE NO. 3:23-cv-05917-JD**<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiff BWB Co., Ltd. ("BWB" or "Plaintiff") files this First Amended Complaint ("FAC") and demand for jury trial against Defendants ALIBABA GROUP (US) INC., ALIBABA CLOUD US LLC, and ALIBABA.COM US LLC, (collectively "AliBaba Defendants" or "Defendants"), by and through its attorneys YK Law, LLP, and in support thereof alleges as follows:

## INTRODUCTION

1.      This FAC arises from the AliBaba Defendant's unlawful infringement of the following United States Patents owned by BWB: United States Patent Nos. 10,460,366 ("the '366 patent"), 11,138,644 ("the '644 patent"), 11,776,027 ("the '027 patent"), and 11,776,028 ("the '028 patent") (collectively, "the patents in suit").

2.      BWB is the owner by assignment of the patents in suit, which generally relate to e-commerce ("EC") technology systems, servers, and programs that facilitate commercial interactions between entities – both business-to-business ("B2B") and business-to-consumer ("B2C") – particularly as to pre-customs administration and clearance.

3.      The patents in suit are directed to patentable subject matter in that they recite new and non-obvious systems and processes for handling cross border EC transactions by linking procedures for such EC transactions with customs clearance procedures and related logistics so as to secure pre-customs clearance for products from a first economic zone from customs authorities in a second economic zone before the products are listed for sale on an EC site.

## DISADVANTAGES IN THE PRIOR ART

4.      Prior to the inventions claimed in the patents in suit, the existing systems and methodology for EC transactions across different economic zones did not provide to execute pre-customs administration and clearance.  There did not exist in combination a system of computing

devices that cooperatively arranged for pre-customs clearance of specific products before being presented at a customs border, let alone offered for sale.  No system or methodology for pre-customs clearance was known prior to the inventions claimed in the patents in suit.

5.    Prior art methodologies and systems for customs border crossing of specific products involved requesting clearance at the time the specific products were presented at the customs border – not before – after the products were already purchased.  Such prior art methodologies and systems required additional time, resources, and expenses, as well as created inconvenience and uncertainty in the EC transactions.

6.    The patents in suit claim novel and non-obvious systems of computer servers, related storage mediums, and processes executed thereby, which claims recite at least an administration server and a customs clearance authentication server that together execute specified processes to achieve pre-customs clearance for EC transactions between two different economic zones, which is a technical improvement upon the prior art.

7.    Conventionally, when a product purchased through an EC site was shipped from a first economic zone (a origin country) into a second economic zone (a destination country), procedures for moving that product through customs were carried out after the purchaser had already purchased the product.

8.    Specifically, after the purchaser had made the decision to purchase the product from an EC site and actually completed the purchase transaction, the product was shipped from the country of origin to the destination country.  Upon arrival of the purchased product at customs for the destination country, customs procedures were carried out.

9.    In such conventional practice, the customs procedures were carried out only after the purchase was completed.  Those customs procedures involved determining whether the

3

product was eligible to clear customs; whether payment of tariffs was applicable; and also the proper amount of tariffs payable.

10.     The purchaser, recipient, and/or delivery company would then need to contact the customs office in the destination country to complete procedures such as providing any required declarations and/or payment of applicable tariffs before the product would be allowed to pass through customs.  As a result, the purchaser, recipient, and/or delivery company would have the additional burden of carrying out the customs procedures, which would consequently delay delivery and related logistics.

11.     In such conventional practice, the purchaser was generally not able to confirm whether the product was eligible to clear customs before making the purchasing decision.  As a result, if the purchaser decided to purchase a product that was not eligible for customs clearance or incurred unwanted customs tariffs, the purchaser would not become aware of such facts until after the product had arrived at customs, thereby causing the purchaser inconvenience and resulting in delivery and logistical delays.

12.     In addition, business operators selling products on EC sites were exposed to the risk of having to dispose of or retrieve products if it was deemed that products could not be delivered to the intended destination.

13.     In recent years, due to the growth of cross-border EC, the volume of packages handled by customs in many countries has increased significantly, resulting in a need for adaptive procedures from customs authorities, business operators, and EC sites to handle increased volume in a practical, efficient, and cost-effective manner.  The inventive systems and processes claimed in the patents in suit were developed, in part, in response to this need for adaptive procedures.

4

THE PATENTS IN SUIT

14.    As claimed in the patents in suit, the inventive systems and processes include a customs clearance authentication server capable of generating pre-customs clearance information (including at least an indication that that product cleared pre-customs review) using information obtained from customs authorities before the product is offered for sale on the EC site.  When a request is received from an EC server, an administration server in the system accesses the customs clearance authentication server to obtain pre-customs review and provide on the EC site pre-customs clearance information along with product information.

15.    As a result of this pre-customs clearance, customs officials in the destination country need only check the product ID of the product when it arrives at the border; and, if the product ID has been pre-registered for customs clearance in accordance with the invention, the product is allowed to pass through customs.  By adopting the inventive systems and processes, the need for customs officials to individually check each and every item purchased through EC is substantially eliminated.

16.    Since pre-customs clearance effectively ensures that the product will pass through customs and the EC site connected to the inventive systems and processes displays notification of such pre-customs clearance in the product offering, consumers can purchase a product knowing it will be allowed through customs – enhancing the credibility of the EC site.

17.    In addition, even if the EC server is located in a country other than the destination country, EC site operators can still conduct pre-customs clearance processing by connecting to the inventive systems and processes, which has established access to the customs authorities in the destination country.

18.    Business operators can complete pre-customs clearance in any economic zone where they might potentially ship products.  Consequently, healthy growth of the cross-border EC market is promoted.  Furthermore, by using the EC site connected to the inventive systems and processes, the risk of business operators having to retrieve products that cannot pass through customs is effectively eliminated.

19.    In the prior art, it was not possible to integrate EC and customs clearance processing because of the lack of existing server systems and processes.  Specifically, there were no server systems and processes linking the EC servers with customs authorities, let alone in the manner claimed.  In contrast, the patents in suit claim systems and processes that configure the necessary combination of servers and processes, including at least an administration server and a customs clearance authentication server, to integrate EC and customs clearance processing.  The claimed systems and processes make possible the generation of pre-customs clearance information based on product information and requirements of customs authorities.

20.    As a result, the inventions claimed in the patents in suit significantly improve conventional business practices by enabling: (1) the completion of pre-customs clearance procedures before listing a product on an EC site; (2) the seller to complete customs clearance procedures instead of the purchaser; (3) the seller to complete customs clearance procedures in any country at any time of day; (4) the completion of customs clearance procedures without opening a package; and (5) the consumer to settle customs tariffs at the time of purchase, thereby allowing customs authorities to more reliably collect those tariffs.

21.    Such systems and processes as claimed in the patents in suit for pre-customs clearance for products involved in EC transactions between two different economic zones were not well-understood, routine, or conventional activity prior to the invention, as they were never

6

done before.  Such claimed configuration and programming of the combination of an administration server, a customs clearance authentication server, and EC servers, as well as the processes executed thereby, were not previously known in the prior art and were not well-understood, routine, or conventional activity utilizing such computing devices, and thus provide a technical improvement to the field of EC.

22.    In short, the prior art required that customs procedures be carried out subsequent to and separate from cross border EC purchases.  The purchaser or a third party acting on behalf of the purchaser, such as a delivery company, was required to attend customs, pay applicable tariffs, and clear the purchase through customs.  Thus, the advantages realized by utilizing the systems and processes claimed in the patents in suit for cross border EC transactions are not realized by use of the prior art systems and processes.

23.    To reiterate, use of the prior art systems and processes in carrying out cross border EC purchases, leaves the purchaser or a third party acting on behalf of the purchaser subject to the logistical burden of paying applicable tariffs and clearing an individual purchase through customs, while customs authorities remain subject to the logistical burden of checking each purchase for clearance.

24.    Thus, the prior art failed to bring about the advantages of the inventive systems and processes claimed in the patents in suit.  Under the prior art for cross border EC, a purchaser remains exposed to inconvenience and uncertainty for customs clearance, an EC company cannot enhance its reputation for reliability, and the logistical burden remains for purchasers, EC companies, and customs authorities alike.

25.    Thus, the inventive systems and processes solve the problems of conventional (prior art) cross-border transactions, and offer ground-breaking benefits for consumers, business

7

operators, and customs authorities alike.

**PARTIES**

26.     Plaintiff BWB Co., Ltd is a foreign limited liability company organized and existing under the laws of Japan, with an address and principal place of business located at 10-1, Toranomon 2-Chome, Minato-Ku, Tokyo 1050001 JAPAN.

27.     On information and belief, defendant ALIBABA GROUP (US) INC. ("AG US") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 525 Almanor Ave, 4th Floor, Sunnyvale, California 94085. AG US may be served through its agent 1505 Corporation CT Corporation System, 330 N Brand Blvd, Glendale, CA 91203.

28.     On information and belief, defendant ALIBABA CLOUD US LLC ("AC US") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 525 Almanor Ave., 4th Floor, Sunnyvale, CA 94085. AC US may be served through its agent Corporation Service Company located at 251 Little Falls Drive, Wilmington, DE 19808.

29.     On information and belief, defendant ALIBABA.COM US LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 400 South El Camino Real, 4th Floor, San Mateo, California 94402. ALIBABA.COM US LLC may be served through its agent Corporation Service Company located at 251 Little Falls Drive, Wilmington, DE 19808.

30.     On information and belief, the Alibaba Defendants, and each of them, are for-profit entities.  On information and belief, at all times material hereto, the Alibaba Defendants collectively owned, controlled and operated the websites at the URLs: www.alibaba.com (the

" Alibaba Website") and www.aliexpress.com (the "AliExpress Website"), both accessible throughout the United States and in this judicial district..

31.     On information and belief, at all times mentioned herein, each of the Defendants was the agent, servant, representative, employee, partner, and/or controlling person of the other Defendants named herein, and in doing the acts herein alleged were acting as the agents for each other.

## JURISDICTION AND VENUE

32.     This is an action for patent infringement arising under the patent laws of the United States. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 1367(a).

33.     This Court has personal jurisdiction over Defendants because, on information and belief, Defendants conduct business in and have committed acts of patent infringement in this District and has established minimum contacts with this forum state such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants resides in this District.  On information and belief, Defendants offers products and/or services, including those accused herein of infringement, to customers and potential customers located in this District.

34.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b). Defendants reside in this District. Defendants have chosen to register as a foreign business in the state of California or are directly formed under the laws of California, thereby receiving the benefits offered to California business. Defendants must accordingly assume responsibilities to California and its citizens.

35.    Further, on information and belief, Defendants have offered and sold, and continue to offer and sell, the infringing products and services in this District. On information and belief, Defendants use, distribute, provide, sell, and/or offer to sell the infringing products and services to consumers and businesses in this District.

36.    On information and belief, Defendants are companies with global reach and annual revenue in the billions of dollars. Defendants accordingly cannot reasonably claim it would be inconvenient to litigate in the forum in which it resides.

**BWB'S UTILITY PATENTS**

37.    BWB is the owner by assignment of the entire right, title, and interest in U.S. Patent No. 10,460,366 ("the '366 Patent"), entitled "Commercial Transaction System, Administrative Server, and Program," which issued on October 29, 2019, naming Ryutaro Nishiura as inventor. The '366 Patent was duly and legally issued and is still in full force and effect. A true and correct copy of the '366 Patent is attached hereto as Exhibit A.

38.    The '366 patent includes three independent claims. In summary, independent claim 1 recites a commerce system that comprises a plurality of EC servers, a customs clearance authentication server, and an administration server with specified configurations and performing specified EC process steps for the utility of "improving customs clearance efficiency when circulating products between the first economic zone and the second economic zone". In summary, independent claim 2 recites an administration server with a processor for executing steps in furtherance of pre-customs clearance for an EC transaction in coordination with a plurality of EC servers and a customs clearance authentication apparatus for the utility of "improving customs clearance efficiency when circulating products between the first economic zone and the second economic zone". In summary, independent claim 8 recites a program stored

on non-transitory computer readable medium for causing a computer to execute steps in furtherance of pre-customs clearance for an EC transaction in coordination with a plurality of EC servers, and a customs clearance authentication apparatus for the utility of "improving customs clearance efficiency when circulating products between the first economic zone and the second economic zone". Each of independent claims 1, 2, and 8 result in pre-customs clearance information being displayed with the product information on an EC site accessible by a user terminal displaying a list of search results.

39.    Considering each as a whole, claims 1, 2, and 8 of the '366 patent comprise patentable subject matter under 35 U.S.C. §101. To the extent the claims may be deemed to be directed to an abstract idea (i.e., a judicial exception to the statutory categories of invention), the claims recite significantly more than the abstract idea, at least insofar as the claims each contain additional elements that transform the abstract idea into a patent eligible application and/or provide a significant improvement to the methodology and/or the technical field of EC cross-border transactions known in the prior art.

40.    Claim 1 (a commerce system), claim 2 (an administration server), and claim 8 (a program stored on fixed computer memory) of the '366 patent each recite additional elements that transform the putative abstract idea, namely, improving customs clearance efficiency when circulating products between two economic zones. Specifically, the administration server in conjunction with a customs clearance authentication server or apparatus functions to generate a request to register the product through a customs terminal operated by customs authorities in the second economic zone, receive pre-customs clearance information from the customs authorities, and notify the pre-customs clearance information to EC servers (or commercial transaction apparatus) so that the same is displayed with product information on a user terminal in response

to a search request for the products to let the user know the product has already received pre-customs clearance. The customs clearance authentication server functions to process such pre-customs clearance and transmit pre-customs clearance information to the administration server. The EC servers function to display the pre-customs clearance information with the product information in the offering of the product for sale through an EC system.

41.     The additional elements of claims 1, 2, and 8 transform the putative abstract idea and/or provide a significant improvement to the technical field by requesting and obtaining pre-customs clearance in a second economic zone for a product from a first economic zone before the product is offered for sale or presented for entry into the second economic zone – such pre-customs clearance being neither conventional nor known in the prior art.  The systems and processes for generation of the pre-customs clearance information for a product as claimed in the '366 patent ensures that the EC transaction and the customs clearance processing are linked before the product is offered for sale on the EC site.

42.     BWB is the owner by assignment of the entire right, title, and interest in U.S. Patent No. 11,138,644 ("the '644 Patent"), entitled "Commercial Transaction System, Administrative Server, and Program," which issued on October 5, 2021, naming Ryutaro Nishiura as inventor. The '644 Patent was duly and legally issued and is still in full force and effect. A true and correct copy of the '644 Patent is attached hereto as Exhibit C.

43.     The '644 patent includes one independent claim. In summary, independent claim 1 recites a commerce system that comprises an EC server, a customs clearance authentication server, and an administration server with specified configurations and performing specified EC process steps in conjunction with "at least one user terminal" and "a customs terminal in a second economic zone" for the utility of enabling the EC server to transmit the product

information and pre-customs clearance information to a user terminal and accept from the user terminal an instruction to purchase the product, and that the customs terminal is configured to check for pre-customs clearance information when the product arrives at customs of the second economic zone and store information about completion of customs clearance processing in the second economic zone.  Independent claim 1 facilitates the sale of a product after pre-customs clearance, the sale followed by completion of customs clearance processing of the product upon arrival at the second economic zone.

44.    Considering it as a whole, claim 1 of the '644 patent comprises patentable subject matter under 35 U.S.C. §101.  To the extent the claim may be deemed to be directed to an abstract idea (i.e., a judicial exception to the statutory categories of invention), the claim recites significantly more than the abstract idea, at least insofar as the claim contains additional elements that transform the abstract idea into a patent eligible application and/or provide a significant improvement to the methodology and/or the technical field of EC cross-border transactions known in the prior art.

45.    Claim 1 (a commerce system) of the '644 patent recites additional elements that transform the putative abstract idea, namely, executing EC between two economic zones for at least one product of one of the economic zones. Specifically, an administration server with a customs clearance authentication server functions to request pre-customs clearance for the product from customs authorities in the second economic zone, receive pre-customs clearance information for the product from the customs authorities, store the pre-customs clearance information associated with product information, and notify the pre-customs clearance information to EC servers so that the same is displayed with product information on a user terminal in response to a search request for the products to let the user know the product has

already received pre-customs clearance. The customs clearance authentication server functions to perform such pre-customs clearance and transmit pre-customs clearance information to the administration server, and the customs terminal is configured to check for pre-customs clearance information once the product arrives at customs for the second economic zone and to store information about completion of customs clearance processing. The claimed commerce system facilitates the sale of a product after pre-customs clearance, the sale followed by completion of customs clearance processing of the product upon arrival at the second economic zone.

46.    The additional elements of claim 1 transform the putative abstract idea and/or provide a significant improvement to the technical field by requesting and obtaining pre-customs clearance in a second economic zone for a product from a first economic zone before the product is offered for sale or presented for entry into the second economic zone, and confirming such pre-customs clearance when the product arrives at customs in the second economic zone – such pre-customs clearance being neither conventional nor known in the prior art. The systems and processes for generation of the pre-customs clearance information for a product as claimed in the '644 patent ensures that the EC transaction and the customs clearance processing are linked before the product is offered for sale on the EC site.

47.    BWB is the owner by assignment of the entire right, title, and interest in U.S. Patent No. 11,776,027 ("the '027 Patent"), entitled "Commercial Transaction System, Administrative Server, and Program," which issued on October 3, 2023, naming Ryutaro Nishiura as inventor. The '027 Patent was duly and legally issued and is still in full force and effect. A true and correct copy of the '027 Patent is attached hereto as Exhibit E.

48.    The '027 patent includes two independent claims. In summary, independent claim 1 recites a product administration system in a commerce system that includes an EC server, a

customs clearance authentication server, and an administration server with specified configurations and performing specified EC process steps in conjunction with "at least one user terminal" and "a customs terminal in a second economic zone" for the utility of enabling the EC server to transmit the product information and pre-customs clearance information to a user terminal and accept from the user terminal an instruction to purchase the product, and that the customs terminal is configured to check for pre-customs clearance information when the product arrives at customs of the second economic zone and store information about completion of customs clearance processing in the second economic zone, wherein the product administration system includes a processor to store information of the product and transmit stored product information to the administration server. Independent claim 9 recites a plurality of non-transitory computer readable mediums containing instructions for EC process steps as recited in independent claim 1 to be performed by computers employed in a commerce system, including an EC server, a customs clearance authentication server, and an administration server with a product administrative server. Independent claims 1 and 9 facilitate the sale of a product after pre-customs clearance, the sale followed by completion of customs clearance processing of the product upon arrival at the second economic zone.

49.     Considering each as a whole, claims 1 and 9 of the '027 patent comprise patentable subject matter under 35 U.S.C. §101. To the extent the claims may be deemed to be directed to an abstract idea (i.e., a judicial exception to the statutory categories of invention), the claims recite significantly more than the abstract idea, at least insofar as the claims contain additional elements that transform the abstract idea into a patent eligible application and/or provide a significant improvement to the methodology and/or the technical field of EC cross-border transactions known in the prior art.

50.    Claim 1 (a product administration system) and claim 9 (a plurality of non-transitory computer readable mediums) of the '027 patent each recite additional elements that transform the putative abstract idea, namely, executing EC between two economic zones for at least one product of one of the economic zones.  Specifically, an administration server with a customs clearance authentication server functions to request pre-customs clearance for the product from customs authorities in the second economic zone, receive pre-customs clearance information for the product from the customs authorities, store the pre-customs clearance information associated with product information, and notify the pre-customs clearance information to EC servers so that the same is displayed with product information on a user terminal in response to a search request for the products to let the user know the product has already received pre-customs clearance. The customs clearance authentication server functions to perform such pre-customs clearance and transmit pre-customs clearance information to the administration server, and the customs terminal is configured to check for pre-customs clearance information once the product arrives at customs for the second economic zone and to store information about completion of customs clearance processing. The claimed systems and product administrative server facilitate the sale of a product after pre-customs clearance, the sale followed by completion of customs clearance processing of the product upon arrival at the second economic zone.

51.    The additional elements of claims 1 and 9 transform the putative abstract idea and/or provide a significant improvement to the technical field by requesting and obtaining pre-customs clearance in a second economic zone for a product from a first economic zone before the product is offered for sale or presented for entry into the second economic zone, and confirming such pre-customs clearance when the product arrives at customs in the second

economic zone – such pre-customs clearance being neither conventional nor known in the prior art. The systems and processes for generation of the pre-customs clearance information for a product as claimed in the '027 patent ensures that the EC transaction and the customs clearance processing are linked before the product is offered for sale on the EC site.

52.     BWB is the owner by assignment of the entire right, title, and interest in U.S. Patent No. 11,776,028 ("the '028 Patent"), entitled "Commercial Transaction System, Administrative Server, and Program," which issued on October 3, 2023, naming Ryutaro Nishiura as inventor. The '028 Patent was duly and legally issued and is still in full force and effect. A true and correct copy of the '028 Patent is attached hereto as Exhibit G.

53.     The '028 patent includes two independent claims. In summary, independent claim 1 recites an administration server in a commerce system that includes an EC server and a customs clearance authentication server, the administration server, customs clearance authentication server, and EC server each configured to perform respective EC process steps in conjunction with "at least one user terminal" and "a customs terminal in a second economic zone", where the administration server is configured to request pre-customs clearance from the second economic zone for the product and notify the EC server of such pre-customs clearance, where the customs clearance authentication server is configured to perform the pre-customs clearance and transmit information thereof to the administration server, and where the EC server is configured to transmit product information and pre-customs clearance information to a user terminal and accept from the user terminal an instruction to purchase the product, and where the customs terminal is configured to check for pre-customs clearance information when the product arrives at customs of the second economic zone and store information about completion of customs clearance processing in the second economic zone. In summary, independent claim 9

17

recites a plurality of non-transitory computer readable mediums containing instructions for EC process steps as recited in independent claim 1 to be performed by computers employed in a commerce system, including an EC server, a customs clearance authentication server, and an administration server. Independent claims 1 and 9 facilitate the sale of a product after pre-customs clearance, the sale followed by completion of customs clearance processing of the product upon arrival at the second economic zone.

54.    Considering each as a whole, claims 1 and 9 of the '027 patent comprise patentable subject matter under 35 U.S.C. §101.  To the extent the claims may be deemed to be directed to an abstract idea (i.e., a judicial exception to the statutory categories of invention), the claims recite significantly more than the abstract idea, at least insofar as the claims contain additional elements that transform the abstract idea into a patent eligible application and/or provide a significant improvement to the methodology and/or the technical field of EC cross-border transactions known in the prior art.

55.    Claim 1 (an administration server used in a commerce system) and claim 9 (a plurality of non-transitory computer readable mediums) of the '028 patent each recite additional elements that transform the putative abstract idea, namely, executing EC between two economic zones for at least one product of one of the economic zones.  Specifically, an administration server with a customs clearance authentication server functions to request pre-customs clearance for the product from customs authorities in the second economic zone, receive pre-customs clearance information for the product from the customs authorities, store the pre-customs clearance information associated with product information, and notify the pre-customs clearance information to EC servers so that the same is displayed with product information on a user terminal in response to a search request for the products to let the user know the product has

18

already received pre-customs clearance. The customs clearance authentication server functions to perform such pre-customs clearance and transmit pre-customs clearance information to the administration server, and the customs terminal is configured to check for pre-customs clearance information once the product arrives at customs for the second economic zone and to store information about completion of customs clearance processing. The claimed systems and administration server facilitate the sale of a product after pre-customs clearance, the sale followed by completion of customs clearance processing of the product upon arrival at the second economic zone.

56.    The additional elements of claims 1 and 9 transform the putative abstract idea and/or provide a significant improvement to the technical field by requesting and obtaining pre-customs clearance in a second economic zone for a product from a first economic zone before the product is offered for sale or presented for entry into the second economic zone, and confirming such pre-customs clearance when the product arrives at customs in the second economic zone – such pre-customs clearance being neither conventional nor known in the prior art. The systems and processes for generation of the pre-customs clearance information for a product as claimed in the '028 patent ensures that the EC transaction and the customs clearance processing are linked before the product is offered for sale on the EC site.

**FIRST COUNT**

**(INFRINGEMENT OF U.S. PATENT NO. 10,460,366)**

57.    BWB incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

58.    On information and belief, Defendants have directly infringed and continue to directly infringe one or more claims of the '366 patent, including at least claims 1, 2, and 8

thereof, in the state of California, in this judicial district, and elsewhere in the United States by, among other things, making, using, providing, selling, offering for sale, and/or importing into the United States products and services (or programs that provide the same) that practice one or more of the inventions claimed in the '366 patent, including but not limited to Defendants' computer systems for implementing the functionality described in Exhibit B, including Defendants' computer systems accessible through the Alibaba Website and/or the AliExpress Website for facilitating E-C transactions between at least two different economic zones (the "Accused Instrumentalities"), as well as all reasonably similar processes and systems, in violation of 35 U.S.C. § 271(a).

59.    The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '366 patent. A claim chart comparing exemplary independent claims 1, 2, and 8 of the '366 patent to representative functionality of the Accused Instrumentalities is attached as Exhibit B.

60.    By making, using, providing, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants have injured BWB and are liable for infringement of the '366 patent pursuant to 35 U.S.C. § 271(a).

61.    On information and belief, Defendants' infringement of the '366 patent was knowing and intentional.

62.    As a result of Defendants' infringement of the '366 patent, BWB is entitled to monetary damages (past, present and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

63. Defendants' acts of direct infringement have caused and continue to cause damage to BWB. BWB is entitled to damages in accordance with 35 U.S.C. §§ 271, 281, and 284 sustained as a result of Defendants' wrongful acts in an amount to be proven at trial.

**SECOND COUNT**

**(INFRINGEMENT OF U.S. PATENT NO. 11,138,644)**

64. BWB incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

65. On information and belief, Defendants have directly infringed and continue to directly infringe one or more claims of the '644 patent, including at least claim 1 thereof, in the state of California, in this judicial district, and elsewhere in the United States by, among other things, making, using, providing, selling, offering for sale, and/or importing into the United States products and services (or programs that provide the same) that practice one or more of the inventions claimed in the '644 patent, including but not limited to Defendants' Accused Instrumentalities as described in Exhibit D, as well as all reasonably similar processes and systems, in violation of 35 U.S.C. § 271(a).

66. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '644 patent. A claim chart comparing exemplary independent claim 1 of the '644 patent to representative functionality of the Accused Instrumentalities is attached as Exhibit D.

67. By making, using, providing, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants have injured BWB and are liable for infringement of the '644 patent pursuant to 35 U.S.C. § 271(a).

68. On information and belief, Defendants' infringement of the '644 patent was knowing and intentional.

69.     As a result of Defendants' infringement of the '644 patent, BWB is entitled to monetary damages (past, present and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

70.     Defendants' acts of direct infringement have caused and continue to cause damage to BWB. BWB is entitled to damages in accordance with 35 U.S.C. §§ 271, 281, and 284 sustained as a result of Defendants' wrongful acts in an amount to be proven at trial.

**THIRD COUNT**

**(INFRINGEMENT OF U.S. PATENT NO. 11,776,027)**

71.     BWB incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

72.     On information and belief, Defendants have directly infringed and continue to directly infringe one or more claims of the '027 patent, including at least claims 1 and 9 thereof, in the state of California, in this judicial district, and elsewhere in the United States by, among other things, making, using, providing, selling, offering for sale, and/or importing into the United States products and services (or programs that provide the same) that practice one or more of the inventions claimed in the '027 patent, including but not limited to Defendants' Accused Instrumentalities as described in Exhibit F, as well as all reasonably similar processes and systems, in violation of 35 U.S.C. § 271(a).

73.     The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '027 patent. A claim chart comparing exemplary independent claims 1 and 9 of the '027 patent to representative functionality of the Accused Instrumentalities is attached as Exhibit F.

74.    By making, using, providing, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants have injured BWB and are liable for infringement of the '027 patent pursuant to 35 U.S.C. § 271(a).

75.    On information and belief, Defendants' infringement of the '027 patent was knowing and intentional.

76.    As a result of Defendants' infringement of the '027 patent, BWB is entitled to monetary damages (past, present and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

77.    Defendants' acts of direct infringement have caused and continue to cause damage to BWB. BWB is entitled to damages in accordance with 35 U.S.C. §§ 271, 281, and 284 sustained as a result of Defendants' wrongful acts in an amount to be proven at trial.

## FOURTH COUNT

## (INFRINGEMENT OF U.S. PATENT NO. 11,776,028)

78.    BWB incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

79.    On information and belief, Defendants have directly infringed and continue to directly infringe one or more claims of the '028 patent, including at least claims 1 and 9 thereof, in the state of California, in this judicial district, and elsewhere in the United States by, among other things, making, using, providing, selling, offering for sale, and/or importing into the United States products and services (or programs that provide the same) that practice one or more of the inventions claimed in the '028 patent, including but not limited to Defendants' Accused

Instrumentalities as described in Exhibit H, as well as all reasonably similar processes and systems, in violation of 35 U.S.C. § 271(a).

80.    The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '028 patent. A claim chart comparing exemplary independent claims 1 and 9 of the '028 patent to representative functionality of the Accused Instrumentalities is attached as Exhibit H.

81.    By making, using, providing, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants have injured BWB and are liable for infringement of the '028 patent pursuant to 35 U.S.C. § 271(a).

82.    On information and belief, Defendants' infringement of the '028 patent was knowing and intentional.

83.    As a result of Defendants' infringement of the '028 patent, BWB is entitled to monetary damages (past, present and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

84.    Defendants' acts of direct infringement have caused and continue to cause damage to BWB. BWB is entitled to damages in accordance with 35 U.S.C. §§ 271, 281, and 284 sustained as a result of Defendants' wrongful acts in an amount to be proven at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, BWB prays for judgment and seeks relief against Defendants as follows:

A.    For judgment that Defendants have infringed one or more claims of the Asserted Patents, either literally and/or under the doctrine of equivalents;

24

B.      For injunctive relief, permanently enjoining Defendants from further infringing the Asserted Patents, and otherwise violating Plaintiff's rights;

C.      For judgment awarding BWB damages adequate to compensate it for Defendants' infringement of the Asserted Patents, including all pre-judgment and post-judgment interest as well as an award of mandatory future royalties for continuing infringement;

D.      For judgment awarding enhanced damages pursuant to 35 U.S.C. § 284;

E.      For judgment awarding attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise permitted by law;

F.      For judgment awarding costs of suit; and

G.      For judgment awarding BWB such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure BWB hereby demands a trial by jury of this action.

Respectfully submitted,

Dated: September 12, 2024

By:___/Michael A DiNardo/___
Michael A. DiNardo
mdinardo@yklaw.us
YK Law, LLP
445 S. Figueroa St, Suite 2280
Los Angeles, CA 90071
O: (213) 401-0970
F: (213) 529-3044
Attorneys for Plaintiff BWB CO. LTD.