1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6
7    BWB CO LTD,                           Case No.  23-cv-05917-JD
8                      Plaintiff,
                                           **SECOND ORDER RE DISMISSAL**
9            v.
10   ALIBABA GROUP (US) INC., et al.,
11                    Defendants.
12
13        Plaintiff BWB Co. Ltd. (BWB) alleges that defendants Alibaba Group (US) Inc., Alibaba
14   Cloud US LLC, and Alibaba.com U.S. LLC (Alibaba) have infringed patents concerning the
15   processing of customs information in e-commerce.  Dkt. No. 1.  The Court dismissed the prior
16   complaint under 35 U.S.C. § 101 because the patents were directed to patent ineligible subject
17   matter.  *See* Dkt. No. 35.  The Court expressed "doubt that BWB can amend around" these
18   deficiencies but allowed it to try.  *Id.* at 9.  BWB filed an amended complaint.  Dkt. No. 36.
19        Alibaba asks again to dismiss the amended complaint under Federal Rule of Civil
20   Procedure 12(b)(6) on grounds of patent ineligibility.  Dkt. No. 41.  Neither side identified a claim
21   construction question or factual dispute that might preclude a disposition under Rule 12(b)(6).
22   The parties' familiarity with the record is assumed, and the dismissal order, Dkt. No. 35, is
23   incorporated here.  The amended complaint is dismissed with prejudice under Section 101.
24        Overall, nothing in the amended complaint presents a good reason to change the
25   conclusion that the patents were directed to ineligible subject matter.  The core factual allegations
26   in the amended complaint are virtually unchanged from the dismissed complaint.  BWB added a
27   few allegations about prior art, Dkt. No. 36 ¶¶ 4-13, and purely conclusory statements to the effect
28   that the claimed invention previously "was not well-understood, routine, or conventional," *see id.*

United States District Court
Northern District of California

1   at ¶ 21, but did not provide new or different facts that might have resolved the shortcomings

2   identified in the dismissal order. The claimed invention is still directed to the ineligible concept of

3   a method to share information implemented on conventional computer parts. *See, e.g., id.* at ¶ 41.

4        So too for BWB's legal contentions, which mainly repeat arguments the Court rejected in

5   the dismissal order. For example, BWB says again that the patents claim a non-generic and

6   inventive combination of elements, Dkt. No. 42 at 8, but the Court has already determined

7   otherwise. *See* Dkt. No. 35 at 7-8. There is nothing new in the amended complaint that might

8   warrant reconsideration of this conclusion. BWB suggests the claimed invention is an

9   improvement in computer capabilities, Dkt. No. 42 at 5-6, but the Court has already determined

10   that "its focus 'is not on such an improvement in computers as tools, but on certain independently

11   abstract ideas that use computers as tools.'" Dkt. No. 35 at 7 (quoting *Elec. Power Grp., LLC v.*

12   *Alstom S.A.*, 830 F.3d 1350, 1354 (Fed. Cir. 2016)). The amended complaint again does not

13   provide a good reason for a fresh look here.

14        Nothing in the amended complaint changes the punchline for BWB under Section 101.

15   BWB has had a full and fair opportunity to allege eligibility and has come up short.

16   Consequently, the dismissal is with prejudice. Judgment will be entered separately.

17        **IT IS SO ORDERED.**

18   Dated: September 5, 2025

19

20   _____

21   JAMES DONATO
   United States District Judge

22

23

24

25

26

27

28